UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRAYON THEODORE JONES,

        Petitioner,               Case No. 17-cv-12332
                                                Hon. Matthew F. Leitman

v.

SHANE JACKSON,

        Respondent.

_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Brayon Theodore Jones is a state prisoner in the custody of the Michigan Department of Corrections. In July 2015, Jones pleaded guilty in the Berrien County Circuit Court to possession with intent to deliver less than 50 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iv), and fourth degree fleeing and eluding a police officer, Mich. Comp. Laws § 257.602a(2). The state trial court then sentenced Jones to five to twenty years imprisonment for the possession with the intent to deliver conviction and one to two years for the fleeing eluding conviction.

On July 17, 2017, Jones filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) He seeks habeas relief on the ground that the state trial court violated his right to due process during

sentencing when it relied upon inaccurate information to score offense variables ("OV") 14 and 15. The Court has carefully reviewed the petition and concludes that it does not state a claim upon which relief may be granted. Therefore, the Court **DENIES** the petition. The Court also **DENIES** Jones a certificate of appealability, but it **GRANTS** him leave to proceed *in forma pauperis* on appeal.

# I

Jones' convictions arise from a traffic stop in Berrien County on July 15, 2014. Police observed an illegal window tint on a vehicle that Jones was driving as he returned from a trip to Chicago to pick up drugs. When officers activated their lights and sirens, Jones failed to stop immediately. (*See* ECF No. 8-10, PageID.153-154; ECF No. 8-12, PageID.213.) Police then observed Jones drop several items from the driver's side window. (*See* ECF No. 8-12, PageID.213.) They found several pieces of crack cocaine on the side of the road about half a mile before the location where the vehicle ultimately stopped. (*See id.*)

Jones was charged with (1) possession with intent to deliver less than fifty grams of cocaine, second offense, (2) fourth-degree fleeing and eluding a police officer, and (3) driving with a suspended license. On July 20, 2015, he pleaded guilty to possession with intent to deliver, first offense, and fleeing and eluding a police officer, in exchange for the dismissal of the controlled substance second offender enhancement and the driving with a suspended license charge. (*See* Plea

Tr., ECF No. 8-10.) On August 24, 2015, the state trial court held a sentencing hearing and sentenced Jones to concurrent sentences of five to twenty years for the drug conviction and one to two years for the fleeing and eluding conviction. (*See* Sentencing Tr., ECF No. 8-11, PageID.182-83.)

In connection with the sentencing, the state trial court made certain determinations concerning Jones' sentencing range under Michigan's sentencing guidelines. Two of those determinations are at issue in Jones' petition. First, the trial court assessed Jones 10 points for OV 14 (leadership role). *See* Mich. Comp. Laws § 777.44 (allowing for the scoring of ten points where the offender was a leader in a multiple offender situations). Second, it assessed him 50 points for OV 15 (aggravated controlled substance offenses). *See* Mich. Comp. Laws § 777.45(1)(d) (allowing for the scoring of fifty points where offense involved traveling from another state to Michigan while in possession of a controlled substance with the intent to deliver in Michigan).

Jones challenged the scoring of OV 14 and OV 15 in an application for leave to appeal with the Michigan Court of Appeals. That court denied leave to appeal "for lack of merit in the grounds presented." *People v. Jones*, No. 331694 (Mich. Ct. App. Oct. 26, 2016). Jones then filed an application for leave to appeal in the Michigan Supreme Court. That court also denied leave. *See People v. Jones*, 886 N.W.2d 623 (Mich. 2016).

Jones then filed this habeas corpus petition. (*See* Pet., ECF No. 1.) He seeks relief on the ground that the state trial court violated his due process rights when it relied on inaccurate information and judge-found facts when scoring OV 14 and OV 15.

## II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to uphold state court adjudications on the merits unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

## III

Jones argues that he was sentenced on the basis of inaccurate information and on the basis of impermissible judicial fact-finding in violation of his rights under the Sixth and Fourteenth Amendments. Specifically, he challenges the scoring of OV 14 and OV 15.

The Michigan Court of Appeals denied Jones's application for leave to appeal for "lack of merit in the grounds presented." *People v. Jones*, No. 331694 (Mich. Ct. App. Oct. 26, 2016). Absent some indication to the contrary, a summary order like the one issued by the Michigan Court of Appeals is considered an adjudication on the merits to which AEDPA deference applies. *See Harrington v. Richter*, 562 U.S. 86, 99-100 (2011); *Werth v. Bell*, 692 F.3d 486, 493-94 (6th Cir. 2012). In this case, Jones has offered no justification for overcoming the presumption that the state court adjudicated his claims on the merits, and the Court has found none. The Court therefore applies AEDPA's deferential standard of review.

Jones has failed to show that the Michigan Court of Appeals' decision was contrary to, or an unreasonable application of, federal law. Claims that a state trial court incorrectly scored, calculated, or applied sentencing guidelines are state-law claims. They are typically not cognizable in federal habeas corpus proceedings. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). Thus, Jones' claim that the trial court erred when it scored OV 14 and OV 15 is not cognizable on federal habeas review.

5

Jones attempts to avoid this bar by arguing that the state trial court violated his federal due process rights when it sentenced him based on inaccurate information. The Supreme Court has found a due process violation where a sentence was "pronounce[ed] … on a foundation so extensively and materially false, which the prisoner had no opportunity to correct." *Townsend v. Burke*, 334 U.S. 736, 740-41 (1948). But Jones has not shown that his sentence was based upon extensive and materially false information. The only allegedly false information that Jones identifies is his co-defendant's statement that he and Jones were "picking up drugs in Chicago." (Sentencing Tr., ECF No. 8-11, PageID.167.) And the only basis for Jones' argument that this statement was false is his assertion that it was unreliable hearsay. This conclusory assertion does not establish that the statement was actually false. Nor does this one example of allegedly false information show that his sentence was based on *extensive*, materially false information. Further, in accordance with *Townsend,* Jones was provided an opportunity to challenge the hearsay statement at the sentencing hearing. The trial court considered and rejected his argument with regard to that statement. (*See id.*, PageID.164-167.) Under all these circumstances, Jones has not shown that the trial court violated his due process rights by sentencing him based on inaccurate information.

Finally, Jones argues that the state trial court violated his Sixth Amendment rights when it calculated his sentencing guidelines based on facts not admitted by him or found by a jury beyond a reasonable doubt. Jones is not entitled to relief on this claim. Any fact that increases the mandatory minimum sentence for a crime must be submitted to a jury. *See Alleyne v. United States*, 570 U.S. 99, 111-12 (2013). In *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), the Michigan Supreme Court held that, under *Alleyne*, the mandatory application of Michigan's sentencing guidelines was unconstitutional. To resolve this issue, the Michigan Supreme Court adopted the Supreme Court's remedy in *United States v. Booker*, 543 U.S. 220 (2005), and made the guidelines advisory only. *See id.*

Here, Jones was sentenced after *Lockridge* was decided. Thus, the state sentencing guidelines were only advisory. And the application of advisory sentencing guidelines does not violate the Sixth Amendment. *See Booker*, 543 U.S. at 233 (2005). Jones is therefore not entitled to federal habeas relief on this claim.

Because of all of Jones' claims fail, the Court will **DENY** his petition.

IV

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a court issues a certificate of appealability ("COA") under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that a court "must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the Court will deny Jones a certificate of appealability because jurists of reason could not debate the Court's conclusion that he failed to demonstrate an entitlement to habeas relief for these claims.

Although this Court declines to issue Jones a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* on appeal is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability requires a substantial showing of the denial of a constitutional right, a court may grant *in forma pauperis* status on appeal if it finds that an appeal is being taken in good faith. *See id*. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a). Although jurists of reason would not debate this Court's resolution of Jones' claims, an appeal could be taken in good faith. Therefore, Jones may proceed *in forma pauperis* on appeal.

# V

Accordingly, for all of the reasons stated above, the Court 1) **DENIES WITH PREJUDICE** Jones' petition for a writ of habeas corpus (ECF No. 1), 2) **DENIES** Jones a certificate of appealability, and 3) **GRANTS** Jones leave to appeal *in forma pauperis*.

**IT SO ORDERED.**

                                         s/Matthew F. Leitman
                                         MATTHEW F. LEITMAN
                                         UNITED STATES DISTRICT JUDGE

Dated: August 5, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 5, 2020, by electronic means and/or ordinary mail.

                                         s/Holly A. Monda
                                         Case Manager
                                         (810) 341-9764